**HUGHES v GROVES et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2611. Decided Feb 26, 1937

A. J. Worsham, Columbus, and Joseph E. Bowman, Columbus, for appellants.

B. F. Hughes, Columbus, for appellee.

## OPINION

### By THE COURT

There is presented to us appellee's application for rehearing which was filed in the County Clerk's office on February 20, 1937.

In looking through the files we find that our original decision was released on February 4, 1937, and that entry sustaining the report of special master duly approved by all counsel of record was filed February 13, 1937. There is the further infirmity in that there is not filed with the application proof of service of copy on opposite counsel.

As a guide in the future we call counsel's attention to Rule 11 of the Rules of Practice of the Court of Appeals of the State of Ohio. Copy of these rules will be found in the front pages of Volume 50, Ohio Appellate Reports.

The application for rehearing is not to be filed with the clerk, but must be made within ten days after decision, to the Presiding Judge, at the same time sending copy to each of the associate judges and opposing counsel. Proof of service of such copy on opposite counsel must accompany the application. Counsel will bear in mind that the application for rehearing is not a proceeding provided by statute but is entirely controlled by the rules of court.

In our practice we never approve a journal entry until after the expiration of the ten days following date of opinion unless perchance all counsel of record have entered their O.K. The journal entry in the instant case was filed on the 9th day, but being approved by counsel both for plaintiff and defendant, the same was signed by the court and ordered filed.

It may be of some comfort to counsel to know that notwithstanding the irregularities in the procedural steps, we have examined his application for rehearing and also have read the authorities cited. Neither of the three cases cited are supporting for the reason that the facts in the instant case are readily distinguishable.

The application for rehearing will be overruled.

BARNES, PJ, and HORNBECK, J, concur. GEIGER, J, not participating.